NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS LAMONT BROWN, | No. 19-35418 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01434-MO |
| v. | |
| J. POND; D. MILLER; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 9, 2021
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,[**] District Judge.

Plaintiff Curtis Brown ("Brown") appeals the district court's order granting Defendants' motion to dismiss under Rule 12(b)(6). Brown is serving a 25-year sentence at Federal Correctional Institute, Sheridan ("FCI Sheridan"). Miller is a corrections officer there.

Brown asserts a *Bivens* claim against Miller. Brown alleges that Miller acted with deliberate indifference in violation of the Eighth Amendment when he escorted Brown across visibly wet grass then declined to loosen Brown's handcuffs after Miller slipped and fell on Brown's wrists while the two men were entering a transport van. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm on the merits because the amended complaint does not sufficiently allege deliberate indifference on either claim.[1] In the prison context, the Eighth Amendment prohibits government officials from acting "with deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 738

---

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

[1] The government contends that recognition of Brown's deliberate indifference claims will extend the type of claims previously permitted to proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the United States Supreme Court has long recognized Eighth Amendment claims predicated on deliberate indifference. *See Carlson v. Green*, 446 U.S. 14, 17–18 (1980). This case, therefore, does not require us to consider expanding the reach of *Bivens*.

(2002) (citation and internal quotations omitted). To act with deliberate indifference, a government official must know of and disregard "an excessive risk to inmate health or safety[,] . . . be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). To prove deliberate indifference concerning medical care, a prisoner "must demonstrate that they were confined under conditions posing a risk of objectively, sufficiently serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care." *Id.* (citation and internal quotations omitted). When determining whether a government official has the requisite subjective intent, often a court must consider "competing tensions" such as "the prisoners' need for medical attention and the government's need to maintain order and discipline." *Id.* at 905 n.4. A government official acting negligently is not enough to establish deliberate indifference. *Id.* at 904. "Instead, the official's conduct must have been wanton, which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official. Prison officials violate their obligation by intentionally denying or delaying access to medical care." *Id.* at 904–05 (internal citations and quotations omitted).

Brown's first claim for deliberate indifference fails because traversing the wet

grass did not pose an excessive risk to Brown's health and safety. Wet grass is a mundane natural feature that prisoners regularly face. Here, even with Brown's hands shackled, the grass did not pose an excessive risk.

Brown's second claim for deliberate indifference fails because Brown does not plausibly allege that Miller had a sufficiently culpable state of mind. The pleadings indicate that Miller properly weighed Brown's need for medical care and the government's need to maintain order, discipline, and public safety. Although Miller declined to loosen Brown's handcuffs, Brown was taken to have his wrist treated immediately after he arrived at FCI Sheridan.

**AFFIRMED.**